# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN PAUBLO VELEZ, MARTINIANA VELEZ, and PAOLA VELEZ, | ) CASE ID: 8:17-cv-175 <br> ) <br> ) |
| Plaintiffs, | ) <br> ) **COMPLAINT** |
| vs. | ) <br> ) |
| BOHREN LOGISTICS, INC. and TONY WEEKLY JR., | ) <br> ) <br> ) |
| Defendants | ) |

Plaintiffs, through their undersigned attorneys, allege upon their knowledge and upon information and belief as to all other matters as follows:

## JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Juan Paublo Velez is a citizen of the State of Texas.

2. At all times relevant hereto, Plaintiff Martiniana Velez is a citizen of the State of Texas.

3. At all times relevant hereto, Plaintiff Paola Velez is a citizen of the State of Utah.

4. At all times relevant hereto, Defendant Bohren Logistics, Inc. is a trucking company that transports freight in interstate commerce, including the State of Nebraska. Bohren is a citizen of the State of Indiana by virtue of its incorporation there and having its principal place of business located in Garrett, Indiana.

5. At all times relevant hereto, Defendant Tony Weekly Jr. is a truck driver employee, agent, or servant of Defendant Bohren Logistics, Inc. and who resides in and is a citizen of the State of Florida.

6. At all times relevant hereto, Bohren was operating as a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in the Federal Motor Carrier Safety Regulations and was thus subject to such rules and regulations as promulgated and codified within 49 C.F. R. § 300, *et seq*.

7. The vehicle collision that is the subject of the above-captioned matter occurred in Keith County, Nebraska.

8. The Court has jurisdiction under 28 U.S.C. § 1332 as Plaintiff Juan Velez and Defendants are citizens of different states and the matter in controversy exceeds the value of $75,000.00.

9. The Court has jurisdiction under 28 U.S.C. § 1332 as Plaintiff Martiniana Velez and Defendants are citizens of different states and the matter in controversy exceeds the value of $75,000.00.

10. The Court has jurisdiction under 28 U.S.C. § 1332 as Plaintiff Paola Velez and Defendants are citizens of different states and the matter in controversy exceeds the value of $75,000.00.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 11 above with the same force and effect as if herein set forth.

13. On or about July 31, 2016, all Plaintiffs were in one vehicle, facing westbound in stopped traffic on I-80, within Keith County, Nebraska.

14. At said time and place, Defendant Weekly, while driving a semi-truck owned by Bohren and acting in the course and scope of his duties as an authorized employee, agent, or servant of Bohren, was heading westbound on I-80 at a high rate of speed.

15. There was one vehicle between the truck driven by Mr. Weekly and the stopped vehicle occupied by Plaintiffs.

16. Due to construction at that location, the westbound interstate traffic had been directed on to a two-lane road. The lanes of the roadway had been marked by placement of channeling cones that had been placed to warn and alert drivers in the construction zone. While Plaintiffs were stopped in traffic, they were suddenly and without warning crashed into from behind and propelled into the car in front of them. Plaintiffs' car came to a rest on the side of the road near the bursting flames from Defendants' tractor trailer before Plaintiffs were able to exit the car.

17. The collision caused Plaintiffs, and each of them to sustain serious injuries.

## COUNT I

18. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17 above with the same force and effect as if herein set forth.

19. Bohren was the registered "carrier" of the tractor under the Federal Motor Carrier Act and assumed all responsibility for the operation of the tractor.

20. Bohren is assigned Carrier Identification Number 623018 by the Department of Transportation, and that number appears in the police report authored by the Nebraska State Patrol.

21. Based on the police report, the tractor bore the placard of Bohren and displayed Bohren's name and operating authority as issued by the Department of Transportation at the time of the collision.

22. At all relevant times, Defendant Weekly was operating the tractor in the normal and ordinary course and scope of employment as employee, agent, or servant of Bohren.

23. At all relevant times, Bohren knew, consented, and permitted Defendant Weekly to operate the tractor-trailer.

24. Bohren failed to properly train or supervise Defendant Weekly.

25. As Defendant Weekly's employer or principal, Bohren is liable for the negligent acts or omissions of Defendant Weekly that caused the injury to Plaintiffs. Bohren's negligence directly caused, or directly contributed to cause, Plaintiffs to suffer serious and permanent bodily injuries.

**COUNT II**

26. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. Mr. Weekly, Bohren's driver, acted negligently while in the course and scope of his employment as employee, agent, or servant of Bohren in the following manner:

    a. Failing to maintain a proper lookout;

    b. Failing to keep the truck under proper control;

    c. Failing to operate the semi-truck in a safe and reasonable manner with regard for the safety of others; and

    d. Driving at a speed unsafe for the conditions then and there existing.

28. Defendant Weekly violated state and federal statutes and regulations, including but not limited to Neb. Rev. Stat. §§ 60-6,149, and 60-6,150; Federal regulations outlined in 49 C.F. R. §§ 350–399. That the violation of the state or federal statutes or regulations was a direct and proximate cause of the Plaintiff's injuries.

29. Defendant Weekly's negligence is attributable to Bohren under the doctrine of respondeat superior.

30. Defendant Weekly's negligence directly caused, or directly contributed to cause, Plaintiffs to suffer serious and permanent bodily injuries. Plaintiffs have incurred medical expenses in the approximate amount of the following: Juan Velez: $17,210.60; Martiniana Velez: $103,488.45; and Paola Velez: $11,593.70; lost income from employment as a result of Defendants' negligence; and additional expenses.

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendants, and each of them, for special damages for medical bills incurred; the loss of earnings; and monetary damages and expenses incurred as a direct result of Defendants' negligence. Plaintiffs also pray for judgment against Defendants, each of them, for general damages, including the mental pain and suffering for injuries sustained in the collision; and for all reasonable costs and expenses of this litigation and other relief as this Court deems necessary, just, and proper.

JUAN PAUBLO VELEZ, MARTINIANA VELEZ, and PAOLA VELEZ, Plaintiffs

By: /s/ Terrence J. Salerno
TERRENCE J. SALERNO, # 16035
DANNY C. LEAVITT, # 25626
809 North 96th Street, Ste. 100
Omaha, NE 68114
Terry@tsalerno-law.com
Danny@tsalerno-law.com

Attorneys for Plaintiffs

**TO THE CLERK OF SAID COURT:**

Please issue summons in the above entitled matter and deliver the same to Plaintiffs for service upon Defendants as follows:

Tony Weekly
5631 Highway 4
Baker FL 32531

BOHREN LOGISTICS, INC
Patrick H Smythe
105 W Madison St 23rd Floor
Chicago IL 60602

Service will be made via certified mail, return receipt requested.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the Complaint and Praecipe for Summons and Demand for Jury Trial was served by First Class United States Mail, sufficient postage prepaid, on this _____, 2017, to the following:

[Address]

Dated this _____day of _____, 2017.

_____

6