IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN PAUBLO VELEZ, MARTINIANA
VELEZ, and PAOLA VELEZ,

          Plaintiffs,

      vs.

BOHREN LOGISTICS, INC., and
TONY WEEKLYJR.,

          Defendants.

8:17CV175

ORDER

      This matter comes before the court on the Plaintiffs' Motion for Leave to Amend Complaint (Filing No. 25). Plaintiffs' motion notes they conferred with defense counsel, but defense counsel did not stipulate to Plaintiffs' motion. No defendant filed a brief opposing the motion by the response deadline of December 21, 2017.[1] Therefore, the Court considers the motion ripe for review.

      Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). When a party seeks leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

      Plaintiffs request leave to file an amended complaint that adds an allegation that this Court has federal question jurisdiction (in addition to the previously raised diversity jurisdiction). Plaintiffs also seek to add two additional defendants that Plaintiffs learned during discovery may also be responsible for the crash that is the subject of this action. The negligence allegations against the original two defendants remain the same as the allegations set forth in the original Complaint.

---

[1] See NECivR 6.1 and 7.1(b) (Effective December 1, 2017).

The Court's August 14, 2017, Order for Initial Progression of Case (Filing No. 19), set November 1, 2017, as the deadline for plaintiffs to amend pleadings or add parties. (Filing No. 19 at p. 2). This deadline was taken directly from the parties' Rule 26(f) Report. (Filing No. 18 at p. 6). Plaintiffs filed the instant motion to amend on December 7, 2017, and is therefore untimely under the progression order. However, the Court finds good cause to excuse the one month delay. Plaintiffs assert that, subsequent to the entry of the Final Progression Order entered on November 13, 2017, they learned of the two additional entities that may also be liable for the crash at issue. Under the Final Progression Order, discovery in this case does not close for several more months, and trial is nearly a year away. No new allegations are raised against the defendants named in the original complaint, and thus they will not be prejudiced. In consideration of the above, and considering that leave to amend should be freely given, the Court finds Plaintiffs' motion should be granted. Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion for Leave to Amend Complaint (Filing No. 25) is granted. Plaintiffs shall file the First Amended Complaint **on or before December 29, 2017**.

2. Plaintiffs' Motion to Alter Dates (Filing No. 27) is denied, without prejudice. After Plaintiffs file and serve the First Amended Complaint, all parties may meet and confer and provide the Court with jointly proposed new case progression deadlines, including the expert disclosure deadlines.

DATED this 22nd day of December.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge